UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-99-289 |
| | § | |
| ROLAND NMI CASTRO | § | |

**ORDER DENYING MOTION FOR JUDGMENT NUNC PRO TUNC**

Pending before the Court is Defendant Roland Castro's motion, received by the Clerk on June 2, 2011. D.E. 100. Castro requests a Judgment Nunc Pro Tunc giving him credit for time served in state custody or to order that his sentences run concurrently rather than consecutively. For the reasons set forth herein, the motion is DENIED WITHOUT PREJUDICE to Defendant's ability to seek relief elsewhere.

## I.  FACTUAL BACKGROUND

Roland Castro appeared in federal court in September 1999 pursuant to a writ of habeas corpus prosequendum. He was in state custody at the time the writ was issued. He was appointed counsel on his federal charges, was tried and found guilty of the charge of felon in possession of a firearm in November 1999. D.E. 35. He was sentenced in January 2000 to 240 months in the BOP as an armed career criminal, 5 years supervised release, a $100 fine, and a $100 special assessment. D.E. 44.

Castro appealed to the Fifth Circuit. D.E. 43. The judgment was affirmed. D.E. 50. He then filed a petition for writ of certiorari which was denied.

Castro filed a motion to vacate claiming ineffective assistance of trial and appellate counsel pursuant to 28 U.S.C. § 2255. D.E. 53. The issues all involved the conduct of the trial. No complaints regarding sentencing were raised. That motion was denied. D.E. 63, 64. Castro

appealed. D.E. 65. The case was remanded for an evidentiary hearing, after which this Court denied relief. D.E. 80, 83. Castro again appealed. D.E. 81.

While his appeal was pending, in 2003, Castro filed a motion for writ of error corum nobis in which he challenged the consecutive sentences on his state and federal convictions, claiming that the sentences should run concurrently. D.E. 91. This Court denied the motion, noting that the sentencing audio reflected no order by this Court that the sentences run concurrently. D.E. 93 at 4.

Castro has now filed the instant motion claiming that the judgment should be revised nunc pro tunc to reflect that his state and federal sentences run concurrently. D.E. 100. He urges this Court to exercise its discretion to reconsider his sentence.

## II.  ANALYSIS

### A.    Motion for Judgment Nunc Pro Tunc

Rule 36 permits the Court to correct a clerical error arising from oversight or omission in a judgment order or any part of the record at any time. Fed. R. Crim. P. 36. Rule 36 provides only limited authority for the Court to change its judgment. United States v. Steen, 55 F.3d 1022, 1025-26 n. 3 (5th Cir.1995) (clerical error under Rule 36 is limited to "'mindless and mechanistic mistakes'" and "'minor shifting of facts.'"). Rule 36 is the appropriate mechanism for amendments that do not substantively alter the sentence announced orally but rather correct errors in written judgments. See United States v. Bennett, 423 F.3d 271, 278 (3d Cir.2005) ("In most cases, an error made by the court in imposing its oral sentence will not be a clerical error within the meaning of Rule 36 . . . . [Instead,] Rule 36 is normally used to correct a written judgment of sentence to conform to the oral sentence pronounced by the judge."); cf. United States v. Patrick Petroleum Corp., 703 F.2d 94, 98 (5th Cir.1982) ("Because the sentencing

transcript reflects the same inconsistency as the written order, [Rule] 36, which governs clerical errors, is not an appropriate vehicle for clarification."). When a defendant fails to demonstrate the required clerical error or oversight, he is not entitled to relief under Rule 36. United States v. Slanina, 359 F.3d 356, 357-58 (5th Cir. 2004).

Although the Court was aware that Castro had been in State custody, the issue of his state sentence and whether it would run consecutively or concurrently was not raised during sentencing by Castro or anyone else. See D.E. 48 (sentencing transcript). This Court's written judgment accurately reflects its oral pronouncement. Accordingly, this Court does not have the authority pursuant to Rule 36 to correct his sentence.

Next, Castro claims that his sentences were intended to run concurrently. When the judgment is silent, as it is here, the presumption is that sentences imposed separately should run consecutively. 18 U.S.C. § 3584(a). The Fifth Circuit has recently confirmed that presumption, "We hold that when the sentencing court makes no mention of a prior state sentence, the federal sentence shall run consecutive to the state sentence." Jones v. Joslin, 635 F.3d 673, 674 (5th Cir. 2011). "Both 18 U.S.C. § 3584(a) and our cases recognize a strong presumption that separately imposed sentences are to run consecutively, and they place the onus on the district court to specifically order when it wishes to depart from this default rule." Id. at 674-75. Thus, because this Court did not order that his federal sentence was concurrent with Castro's state sentence, the two sentences run consecutively.

Castro urges this Court to exercise its discretion to revise the judgment. This Court has authority to modify or  correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Garcia, 606 F.3d 209, 212 & n.5 (5th Cir. 2010); United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997).   These

circumstances are limited to the following: 1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); 2) under Rule 35 of the Federal Rules of Criminal Procedure (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and 3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See 18 U.S.C. § 3582(c). Castro does not seek relief pursuant to any of these provisions and is not entitled to relief pursuant to Rule 36. Therefore, this Court is without authority to modify his sentence. Castro's motion to modify his sentence is DENIED.

**B.      Remedy for Calculation of Sentence**

Castro also appears to complain that the BOP has not given him appropriate credit for time served. Should Castro wish to challenge the BOP's computation of his sentence, he may file a motion pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241). See also Leal v. Tombone, 341 F.3d 427, 429 (5th Cir. 2003) (analyzing claim for credit under § 2241).

If Defendant elects to file a § 2241 motion, he should file it in the district where he is incarcerated. See Pack, 218 F.3d at 451. Castro is currently incarcerated in Coleman, Sumter County, Florida which is located in the Ocala Division of the Middle District of Florida. Thus,

assuming he remains incarcerated in Coleman, Florida, Castro should file any § 2241 petition in

that court.[1]**CONCLUSION**

Castro's motion for judgment nunc pro tunc (D.E. 100) is DENIED, but without

prejudice to his later filing of a motion pursuant to 28 U.S.C. § 2241.

SIGNED and ORDERED this 15th day of June, 2011.

_____
Janis Graham Jack
Senior United States District Judge

---

[1]   The law also requires that a defendant exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence. United States v. Wilson, 503 U.S. 329, 335 (1992). Castro's motion does not state that he has sought relief from the BOP.