Case 2:99-cr-00289   Document 106   Filed in TXSD on 01/06/16   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 06, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 2:99-CR-289 |
| § | |
| ROLAND CASTRO § | |

## ORDER

Roland Castro filed a motion to appoint counsel to assist him with prospective motion to vacate, set-aside or correct sentence on the ground that he was erroneously determined to be an armed career criminal pursuant to 18 U.S.C. § 924(e). D.E. 105.

Castro has nothing pending before the Court at this time. He is not automatically entitled to appointed counsel even if he is indigent. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.") (citation omitted). Title 18 U.S.C. § 3006A(a)(2)(B) does not authorize appointment when no post-conviction motion is pending.

Castro's conviction became final fifteen years ago in 2000, after his conviction was affirmed by the Fifth Circuit Court of Appeals and his time to file a petition for writ of certiorari expired. *Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam). His time to file a motion to vacate, set-aside or correct sentence expired a year later unless *Johnson v. United States*, 135 S.Ct. 2551 (2015) applies retroactively. *See* 28 U.S.C. § 2255(f).[1]

---

[1] The statute provides that the limitations period shall run from the latest of:

*Johnson* held that the residual clause of the definition of violent felony was unconstitutionally vague. The Act defines "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year ... that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.
>
> § 924(e)(2)(B). The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

*Johnson*, 135 S.Ct. at 2555-56 (emphasis added). Because Castro was convicted of burglaries as his predicate offense, *Johnson's* holding does not cast doubt on the propriety of his categorization as an armed career criminal. Furthermore, *In re Williams*, 806 F.2d 322, 326 (5th Cir. 2015), held that *Johnson* does not apply retroactively. As a result, there is no set of circumstances under which Castro could succeed on his *Johnson* claim, even if counsel were to be appointed.

---

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Castro's motion for appointment of counsel (D.E. 105) is DENIED.

SIGNED and ORDERED this 6th day of January, 2016.

                                          Janis Graham Jack
                                Senior United States District Judge