United States District Court
Southern District of Texas
**ENTERED**
March 02, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:99-CR-289 |
| | § | (CIVIL ACTION NO. 2:16-CV-192) |
| ROLAND  CASTRO | § | |

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255, AND DENYING A CERTIFICATE OF APPEALABILITY

Roland Castro obtained permission of the Fifth Circuit to file a second motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 111, 113, 117. The government filed a response. D.E. 128. Castro filed a reply, a request for bond and a request for status. 129, 130, 131. The Court denies Castro's § 2255 motion because his claims do not entitle him to relief and denies his request for bond and motion for status report.

### I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

### II.  BACKGROUND

Castro was convicted by a jury of felon in possession of a firearm in 1999 pursuant to 18 U.S.C. § 922(g)(1) The Probation Department prepared a Presentence Investigation Report (PSR). D.E. 40. Castro qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e)(1)[1] based upon three Texas burglary convictions. His actual criminal history category was VI, the same category as assigned to career criminals. Castro's guideline range was 235 to 293 months imprisonment with a minimum sentence of 15 years, based upon his career criminal status and

---

[1] Subsection 924(e)(1) is referred to as the Armed Career Criminal Act or the ACCA.

his criminal history category. D.E. 40, ¶¶ 55-56. The Court sentenced Castro to 240 months imprisonment. D.E. 44.

Castro appealed. The Fifth Circuit affirmed his conviction on September 14, 2000. D.E. 49. Since then, Castro has filed numerous post-conviction motions challenging his sentence.

### III.  MOVANT'S ALLEGATIONS

Castro argues that *Johnson v. United States*, 135 S.Ct. 2551 (2015), precludes the use of his Texas burglaries as predicate offenses for purposes of the Armed Career Criminal Act.

### IV.  ANALYSIS

**A.**    **28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

**B.**    ***Johnson* Claim**

Castro argues that his burglary convictions no longer qualify as predicate offenses under the ACCA after *Johnson*. *Johnson* held that the residual clause of the definition of violent felony in 18 U.S.C. § 924(e)(1)(ii) was unconstitutionally vague. The Act defines "violent felony" as follows:

any crime punishable by imprisonment for a term exceeding one year ... that—

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

§ 924(e)(2)(B). The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

*Johnson*, 135 S.Ct. at 2555-56 (emphasis in *Johnson*).

Burglary is one of the enumerated crimes in § 924(e)(ii) and is not affected by the *Johnson* decision, "[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson*, 135 S.Ct. at 2563.

To determine whether the Texas crime of burglary qualifies as a generic burglary offense, the Court compares the elements of the Texas offense to those of the generic offense. *Mathis v. United* States, 136 S.Ct. 2243, 2248 (2016). This Court uses the modified categorical approach to determine which portion of the Texas burglary statute Castro was charged under. *See Shephard v. United* States, 544 U.S. 13, 26 (2005) ("We hold that enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.").

The government filed the documents of conviction ("*Shephard* documents") for Castro's three Texas burglaries: 1) Cause No. 89-CR-1795 in the 28th District Court of Nueces County, Texas, 2) Cause NO. 90-CR-2372 in the 28th District Court of Nueces County, and 3) Cause No.

90-266 in the 368th Judicial District of Williamson County, Texas. D.E. 128-1, 128-2, 128-3. The indictments each track the language of § 30.02(a)(1) of the Texas Penal Code. Castro was charged with "enter[ing] a habitation," without the effective consent of the owner, with intent to commit theft. D.E. 128-1, p. 1, 128-2, p. 1, 128-3, p. 1. The Fifth Circuit recently confirmed that burglary pursuant to § 30.02(a)(1) qualifies as generic burglary for purposes of enhancements. *See United States v. Uribe,* 838 F.3d 667, 669 (5th Cir. 2016) ("Because the predicate statute is elements-based, it is divisible and the modified categorical approach applies to determine which of the provisions of § 30.02(a) was the basis of [defendant's] conviction."); *United States v. Bryant*, --- Fed. App'x. ---, 2016 WL 5795772 at *1 (Oct. 4, 2016) (per curiam) (designated unpublished) (enhancement based upon prior Texas burglary pursuant to § 30.02(a) proper as a crime of violence).

Castro challenges his Williamson County burglary as non-generic because the judgment recites he was convicted pursuant to § 30.02(d). In 2000, the Texas burglary statute in 30.02(d) specified that burglary of a habitation is a first degree felony and burglary with intent to commit a felony other than theft is also a first degree felony.[2] Castro's the indictment includes the language of entering into a habitation without the effective consent of the owner with the intent to commit theft. Castro's argument is without merit.

## V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C.

---

[2] (d) An offense under this section is a felony of the first degree if:
    (1) the premises are a habitation; and
    (2) any party to the offense entered the habitation with intent to commit a felony other than felony theft or committed or attempted to commit a felony other than felony theft.

Tex. Penal Code. Ann. § 30.02(d).

§ 2253(c)(1)(A). Although Castro has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Castro cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## VI.  CONCLUSION

Castro's motion for bond (D.E. 130) and motion for status report (D.E. 131) are DENIED. Castro's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255

(D.E. 111; Cause No. 2:16-CV-192 D.E. 1) is DENIED and he is DENIED a Certificate of

Appealability

      SIGNED and ORDERED this 2nd day of March, 2017.

                                      Janis Graham Jack

                              Senior United States District Judge